George M. Carney, J.
In this action for a permanent injunction, the Attorney-General of the State of New York moves for a temporary injunction pursuant to sections 2801-a and 2801-b of the Public Health Law and subdivision 12 of section 63 of the Executive Law restraining the defendant Wickersham Women’s Medical Center, its partners, agents and employees, including defendants Irving Saxe and John Settle, Jr., from performing abortions or otherwise operating an abortion clinic and from transacting any 'business related thereto including providing facilities or personnel for the performance of abortions, and further restraining the defendants from utilizing the name Wickersham Medical Center, pending final determination of this action.
The crux of the Attorney-General’s motion is that pursuant to subdivisions 1 and 2 of section 2801-a of the Public Health Law, no abortion clinic such as the one allegedly operated by defendants can be established and operated without the written *197 approval of the State Public Health Council. This clinic concededly is being operated without that approval.
The defendants Saxe and Settle admit in their answering papers that they are operating an abortion clinic and, indeed, the Attorney-General in his moving papers has offered satisfactory proof that such is the fact.
Subdivision 1 of section 2801-a of the Public Health Law declares that “No hospital, as defined in this article, shall be established except with the written approval of the public health council ”. “ Hospital ” is defined by section 2801 of the Public Health Law as follows: “1. 1 Hospital ’ means a facility or institution engaged principally in providing services by or under the supervision of a physician or * * * for the prevention, diagnosis or treatment of human disease, pain, injury, deformity or physical condition including, but not limited to, a general hospital, public health center, diagnostic center, treatment center, dental clinic, dental dispensary, rehabilitation center other than a facility used solely for vocational rehabilitation, nursing home, tuberculosis hospital, chronic disease hospital, maternity hospital, lying-in-asylum, out-patient department, dispensary and a laboratory or central service facility serving one or more such institutions ”.
Under subdivision 1 of section 2801 then the defendant Wickersham is a hospital within the purview of the written approval requirements of subdivision 1 of section 2801-a.
The defendants admit that they are operating an abortion clinic without the approval of the Public Health Council. They contend, however, that a preliminary injunction should not be issued because the ‘ ‘ moving papers are absolutely devoid of a single fact from which this court could infer the likelihood of irreparable injury to any member of the public ” and, because, since the commencement of this litigation, they have filed an application for approval by the Public Health Council which approval they are confident will be obtained.
The court is satisfied that the continued operation of this abortion clinic without the requisite approval of the Public Health Council reasonably may result in injury to the public. As matters presently stand, the clinic is operating in clear violation of the law of this State. Before a facility, such as the one here involved, may be permitted to operate lawfully, an application for approval must be filed with the Public Health Council, an exhaustive investigation of the application must then be had including, where required, public hearings, and, finally, approval may only be had where certain standards have been met (Public *198 Health Law, §§ 2801-a, 2805). It is thus clear that the requirement of approval is of no small moment and evidences the intent and will- of the Legislature of this State to protect the health and welfare of the people of this State. All these circumstances considered, the continued operation of this abortion clinic without the requisite approval reasonably may result in injury to the public (State of New York v. Mitchell, 66 Misc 2d 514, 521).
The fact that, after the institution of this litigation, the defendants have filed an application for approval is no ground for denying the preliminary injunction. The point is that the defendants are presently operating an abortion clinic in violation of the laws of this State and it is certainly not the function of a court to attempt to forecast what disposition there will be qf that application.
The defendants urge that the abortion clinic is registered with the New York City Department of Health and, therefore, so they contend, this court should not grant a preliminary injunction. The short answer thereto is that the clinic has not been approved by -the New York State Public Health Council as required by State law.
The defendants further urge that, if the clinic were required to close its doors, undue economic hardship would be visited upon them. On the other hand,, there is the threat to the public posed by the continued operation of this unlicensed clinic.
Balancing the equities involved (see Metzger Co. v. Fay, 4 A D 2d 436, 439; Swarts v. Board of Educ. of City School Dist. of City of Rochester, 42 Misc 2d 761), the court is satisfied that enjoining the continued operation of the clinic far outweighs permitting it to remain open illegally.
Further, the court finds no merit to the defendant’s argument that, because a nurse employee of the State Department of Health allegedly told them that no license was needed, the Attorney-General is not entitled to an injunction. Assuming that the nurse employee did give such advice, that does not estop the Attorney-General from enforcing the law (Matter of Harwood v. Cornelius, 21 A D 2d 961, 962).
In view of the foregoing, the motion is granted in all respects.